# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| GREGORY PAUL STODGHILL, )<br>)<br>         Petitioner,     )<br>)<br>vs.                                                          )<br>)<br>UNITED STATES OF AMERICA,   )<br>  et al.,                                           )<br>)<br>         Respondents.   ) | 1:12-mc-0110-TWP-TAB |

## E N T R Y

This matter is before the Court on Petitioner, Gregory Paul Stodghill's (" Mr. Stodghill") Objection to Entry Just Cause on the Grounds of Being a Federal Question Deals with the Law (Dkt. 4).  On November 28, 2012, Mr. Stodghill initiated a lawsuit under the case number 1:12-mc-0110-TWP-TAB, by the filing of a pleading which was not a complaint. In its Entry of January 29, 2013, this Court explained that a lawsuit may be commenced only through the filing of a complaint.

Mr. Stodghill has objected to the Entry (Dkt. 3) and emphasizes that he is seeking a declaration of the validity of the United States Code. IN his objection, Mr. Stodghill states: "This Declarant wishes to point out that a federal question on law doesn't require a complaint where there is a[n] issue of question in law. This Declarant has asked this district court to clarify congressional acts of law. This Declarant is entitle[d] to this court opinion and ruling if the UNITED STATES

CODE hold merit as it was not passed by both Congress and the Senate in 1925 as required by the Constitution."

This statement that a Petitioner is entitled to the Court's "opinion" is incorrect, at least in the absence of a case or controversy which would support the exercise of this Court's jurisdiction. Article III, Section 2 of the Constitution provides, in relevant part, that "[t]he judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, . . . [and] to controversies to which the United States shall be a party." More succinctly, "the exercise of the judicial power is limited to 'cases' and 'controversies.'" *Muskrat v. United States,* 219 U.S. 346, 356 (1911). The Supreme Court has developed a number of constitutional justiciability doctrines from the text of Article III, Section 2, including the prohibition against advisory opinions, the political question doctrine, and the doctrines of standing, ripeness, and mootness. *See* Erwin Chemerinsky, Federal Jurisdiction § 2.1 (4th ed. 2003).

"[T]he implicit policies embodied in Article III . . . impose the rule against advisory opinions on federal courts." *Flast v. Cohen,* 392 U.S. 83, 96 (1968); *See also, e.g., Green v. Branson,* 108 F.3d at 1299-1300 (10th Cir. 1997) ("[A party's] 'legal interest' must be more than simply the satisfaction of a declaration that a person was wronged.") (citing *Ashcroft v. Mattis,* 431 U.S. 171, 172-73 (1977)). The Supreme Court has consistently held "a federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of

litigants in the case before them." *Preiser v. Newkirk,* 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975) (quotation omitted).

In *Rhodes v. Stewart,* 488 U.S. 1, 3-4 (1988) (quoting *Hewitt v. Helms,* 482 U.S. 755, 761 (1987)) (emphases in original), the U.S. Supreme Court held as follows:

> "In all civil litigation, the judicial decree is not the end but the means. At the end of the rainbow lies not a judgment, but some action (or cessation of action) by the defendant that the judgment produces--the payment of damages, or some specific performance, or the termination of some conduct. Redress is sought *through* the court, but *from* the defendant. This is no less true of a declaratory judgment suit than of any action. The real value of the judicial pronouncement--what makes it a proper judicial resolution of a 'case or controversy' rather than an advisory opinion--is in the settling of some dispute *which affects the behavior of the defendant towards the plaintiff.*"

The law is clear that a dispute must be brought to court in the form of a complaint. That said, the Court again instructs Mr. Stodghill that he must file a complaint which conforms with the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure if he wishes to initiate a law suit under this case number. Mr. Stodghill's objection and request to reconsider [Dkt. 4] is therefore **DENIED**.

**IT IS SO ORDERED.**

Date: 02/12/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Gregory Paul Stodghill
152 North Hebert Road
Vincennes, IN 47591